# IN THE SUPREME COURT OF TEXAS

No. 20-0430

IN RE STEVEN HOTZE, MD, HON. WILLIAM ZEDLER, HON. KYLE BIEDERMANN, EDD HENDEE, AL HARTMAN, NORMAN ADAMS, GABRIELLE ELLISON, TONIA ALLEN, PASTOR JOHN GREINER, AND PASTOR MATT WOODFILL, RELATORS,

ON EMERGENCY PETITION FOR WRIT OF MANDAMUS

JUSTICE DEVINE, concurring in the petition's dismissal for want of jurisdiction.

The Texas Constitution is not a document of convenient consultation. It is a steadfast, uninterrupted charter of governmental structure. Once this structure erodes, so does the promise of liberty. In these most atypical times, Texans' constitutional rights have taken a back seat to a series of executive orders attempting to unilaterally quell the spread of the novel coronavirus. But at what cost? Many businesses have felt the impoverishing effects of being deemed, by executive fiat, "nonessential." And many others—unemployed—found out quickly that economic liberty is indeed "a mere luxury to be enjoyed at the sufferance of governmental grace."[1] That can't be right.

While we entrust our health and safety to politically accountable officials,[2] we must not do so at the expense of basic constitutional architecture. We should not, as we've recently said,

---

[1] *Patel v. Tex. Dep't of Licensing & Regulation*, 469 S.W.3d 69, 92 (Tex. 2014) (Willett, J., concurring).

[2] *See S. Bay United Pentecostal Church v. Newsom*, No. 19A1044, 2020 U.S. LEXIS 3041, at *3 (U.S. May 29, 2020) (mem.) (Roberts, C.J., concurring in the denial of injunctive relief) (citing *Jacobson v. Massachusetts*, 197 U.S. 11, 38 (1905)).

"abandon the Constitution at the moment we need it most."[3] I concur in the dismissal of this mandamus petition for want of jurisdiction, but I write separately to express concern over some of the issues it raises.

* * *

The challenged orders in this case, which temporarily suspend the right of nonessential business owners to make a living, were issued by the Governor under Chapter 418 of the Texas Government Code. Relators here challenge these orders on multiple grounds. They do so through an original mandamus petition, naming the Governor as the real party in interest. I doubt, however, that this is the proper vehicle to make such a challenge.

The Texas Constitution says that the Legislature "may confer original jurisdiction on the Supreme Court to issue writs . . . of mandamus in such cases as may be specified, except as against the Governor of the State."[4] The Texas Government Code comports with this specific jurisdictional exception: "The supreme court or a justice of the supreme court may issue writs of . . . mandamus . . . against . . . any officer of state government except the governor."[5] It is thus clear we lack jurisdiction to issue a writ of mandamus here.

But this is not to say that a governor's emergency-related actions are categorically immune from judicial review. There are of course other ways in which we may—and indeed must—weigh in on questions of constitutional magnitude. And when we do, we "must not shrink from [our] duty"[6] to say what the law is. The notion that courts ought to "suspend" heightened

---

[3] *In re Salon a La Mode*, ___ S.W.3d ___, ___ (Tex. 2020) (Blacklock, J., concurring).

[4] TEX. CONST. art. V, § 3(a).

[5] TEX. GOV'T CODE § 22.002(a).

[6] *In re Salon a La Mode*, ___ S.W.3d at ___ (Blacklock, J., concurring).

scrutiny during an emergency is misplaced, for it "wholly discounts the independent checking function of courts in a crisis."[7]

That said, I share Relators' concern in what they describe as "an improper delegation of legislative authority" to the executive branch. During declared states of "disaster," the Texas Disaster Act of 1975 bestows upon the governor the power to issue executive orders that have the "force and effect of law."[8] Disaster or not, the Texas Constitution doesn't appear to contemplate any circumstances in which we may condone such consolidation of power. For better or worse, we have witnessed first-hand how end-running the traditional law-making process can threaten our everyday liberties.[9] The Texas Constitution—which states that no branch of government "shall exercise any power properly attached to either of the others"[10]—is not simply a suggestion.

As a result of this amalgamation of power, Texans have experienced a suspension of their rights. Suspension of law is serious business. It involves a decision that, at the very least, itself needs a constitutional blessing. In fact, the Texas Constitution speaks to this very issue. In the first article, it states: "No power of suspending laws in this State shall be exercised except by the Legislature."[11] This provision means what it says. The judiciary may not suspend laws. Nor may the executive. Only the Legislature.

---

[7] Lindsay F. Wiley & Steven Vladeck, *COVID-19 Reinforces the Arguments for "Regular" Judicial Review—Not Suspension of Civil Liberties—In Times of Crisis*, HARV. L. REV. BLOG (April 9, 2020), https://blog.harvardlawreview.org/covid-19-reinforces-the-argument-for-regular-judicial-review-not-suspension-of-civil-liberties-in-times-of-crisis/.

[8] TEX. GOV'T CODE § 418.012.

[9] *E.g.*, *In re Salon a La Mode*, ___ S.W.3d at ___ (Blacklock, J., concurring) (noting that the people have seen "a suspension of their civil liberties without precedent in our nation's history").

[10] TEX. CONST. art. 2, § 1.

[11] TEX. CONST. art. I, § 28.

Despite this clear constitutional exhortation, we review orders from the Governor that purport to be made under the Texas Disaster Act of 1975, which says that the "governor may suspend provisions of any regulatory statute prescribing the procedures for conduct of state business . . . ."[12] I find it difficult to square this statute, and the orders made under it, with the Texas Constitution.

Alternatively, the State would have us read the Disaster Act as a permissible delegation of legislative authority. Putting aside this problematic view of the nondelegation doctrine,[13] the State's argument does little to grapple with our precedent on this issue. As Relators point out, in *Brown Cracker & Candy Co. v. City of Dallas*, this Court long ago held that article I, section 28 does not permit the Legislature to "delegate to a municipal corporation *or to anyone else*, authority to suspend a statute law of the State."[14] The State does not contend why that case was wrongly decided or why we should otherwise overrule that decision. The State's failure to address this precedent is troubling.

The State also urges us to dismiss this petition as moot. According to the State, we need not bother with this case because the challenged orders will expire before we are able to opine on their legality. This argument, however, overlooks the reality that Texans potentially face a second wave of coronavirus cases.[15] And with a second wave of coronavirus cases comes a second wave of executive orders—the latter of which will be made under a still-existing state of disaster proclaimed under a still-existing (constitutionally questionable) statute.

---

[12] TEX. GOV'T CODE § 418.016(a).

[13] *Cf. Gundy v. United States*, 139 S. Ct. 2116, 2131 (2019) (Gorsuch, J., dissenting) (expressing concern that a "single executive official can write laws restricting the liberty" of people).

[14] 137 S.W. 342, 343 (Tex. 1910) (emphasis added).

[15] *E.g.*, Jenni Lee, *Texas Medical Association expert expects to see second wave of COVID-19 cases*, KVUE (May 18, 2020), https://www.kvue.com/article/news/health/coronavirus/coronavirus-second-wave-texas-medical-expert-weighs-in/269-0c2a288d-62d8-4286-8e8f-1125a31a0bd3.

The State fails to mention the reasonable prospect of the coronavirus's second coming. This is likely so because this means there is also a reasonable prospect of more executive orders following it. As we have said before, we can dismiss a case as moot only when "subsequent events make absolutely clear that the challenged conduct could not reasonably be expected to recur."[16] We also noted that "[p]ersuading a court that the challenged conduct cannot reasonably be expected to recur is a 'heavy' burden."[17] The State's failure to acknowledge the prospect of more coronavirus cases, and thus more executive orders, doesn't come close to the heavy burden of persuasion it must carry on the mootness issue it raises. I am therefore concerned that these short-term orders could continually escape our review.

* * *

The Texas Constitution doesn't have a "pause" button for trying times. It's true that we shouldn't "sally forth each day looking for wrongs to right."[18] But as bulwarks of liberty,[19] courts have a duty to opine on those issues that involve the most rudimentary conception of liberty—to move about freely and sustain one's way of life. While I believe we are want of jurisdiction here, our dismissal of this mandamus petition should not be misperceived as a judicial kowtow. I thus respectfully concur.

_____
John P. Devine
Justice

**OPINION DELIVERED:** July 17, 2020

---

[16] *Mathews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016) (cleaned up).

[17] *Id.* (citing *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).

[18] *In re Abbott*, No. 20-0291, 2020 WL 1943226, at *4 (Tex. Apr. 23, 2020) (per curiam).

[19] *See* THE FEDERALIST NO. 78 (Alexander Hamilton).